8: 25-cv-3142-JLB-
LSG

UNITED STATES DISTRICT COURT [Insert District—e.g., Middle District of Florida]

Plaintiff: Alexa Rohlsen
Defendant(s): Florida Department of Children and Families, Child Protective Services Division;
Investigator Jennifer Moffit, in her individual and official capacity; Supervisor Dave Motta; Courts

Case No.: [To Be Assigned]

NOV 14 2025 PM 2:09
FILED - USDC - FLMD - TPA

---

COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983

JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises
under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events giving rise
to this complaint occurred within this district.

---

PARTIES

3. Plaintiff, Alexa Rohlsen, is an adult resident of Spring Hill, Florida, and the biological mother
of minor children.

4. Defendant Florida Department of Children and Families (DCF) is a state agency responsible
for child protective services and acted under color of law.

5. Defendant Jennifer Moffit is a CPS investigator employed by DCF and is sued in her
individual and official capacity.

6. Defendant Dave Motta is a DCF supervisor and is sued in his official capacity.



7. Defendant Courts are the judicial bodies involved in Plaintiff's case whose actions impacted Plaintiff's constitutional rights.

---

STATEMENT OF FACTS

1. Plaintiff, Alexa Rohlsen, is a resident of the State of Florida and the biological mother of minor children.

2. Defendant Jennifer Moffit, a Child Protective Services (CPS) investigator employed by the Florida Department of Children and Families (DCF), acted under color of state law during all times relevant to this complaint.

3. Throughout the CPS investigation(s) initiated against Plaintiff, Investigator Moffit demonstrated bias, retaliation, and malice, resulting in the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment (due process and equal protection) and the Fourth Amendment (unreasonable seizure of her children without probable cause or just cause).

4. Investigator Moffit routinely became upset when individuals she interviewed did not make negative statements about Plaintiff or her parenting. Witnesses observed that Moffit appeared frustrated when she could not obtain statements damaging to Plaintiff's reputation.

5. Investigator Moffit falsified information in her reports by claiming that a certain individual—Plaintiff's child's father—resided with her and that Plaintiff knew he sold drugs and firearms. Plaintiff never had knowledge nor witnessed any such conduct. Plaintiff only learned of the father's alleged criminal activity after his arrest, through third-party sources.

6. Investigator Moffit failed to investigate coerced allegations made by Plaintiff's child's father and did not pursue evidence that would have proven the allegations false.

7. Moffit instructed Plaintiff to participate in in-home therapy while admitting she had no legal reason to remove Plaintiff's children, yet she failed to sign or process the paperwork for those services, thereby obstructing Plaintiff's compliance.

8. Moffit misled Plaintiff and her mother by assuring them that if removal ever occurred, the children would remain in their home under the grandmother's care. This assurance proved false, as the children were removed and separated from their mother and grandmother.

9. At no time did Moffit or any CPS representative advise Plaintiff that voluntary cooperation granted CPS jurisdiction or constituted consent to state interference in her parental rights.

10. Moffit harassed and intimidated Plaintiff's young children during visits, against Plaintiff's expressed wishes, causing unnecessary fear and distress.

11. Moffit routinely used threats and aggressive language toward Plaintiff, particularly when Plaintiff was unavailable to immediately meet, sign documents, or take calls during her work or school hours.

12. Despite these repeated incidents, the court never allowed Plaintiff to raise or testify about Investigator Moffit's conduct or harassment. Plaintiff was coerced into signing a case plan under the false assurance that she would be reunified with her children within three months.

13. The court never provided Plaintiff with copies of the case plan, orders, or related documentation. Plaintiff was effectively denied the ability to review, object to, or appeal the actions taken against her.

14. During the COVID-19 pandemic, Plaintiff was removed from a telephonic hearing while hospitalized in the Intensive Care Unit (ICU), awaiting surgery after a severe accident. On a later occasion, she was removed from a Zoom hearing by the presiding judge after the judge mistakenly assumed she was in bed, although Plaintiff was actually sitting upright on her couch after leaving the hospital against medical advice while suffering from pneumonia and sepsis.

15. Over the years, Plaintiff's only positive encounter with the presiding judge occurred when she made limited acknowledgments of Plaintiff's efforts. However, Plaintiff was refused the ability to request a different court-appointed attorney, despite Plaintiff repeatedly stating that:

Her attorney never communicated with her except on the day of hearings.

He frequently failed to attend hearings.

He consistently told Plaintiff to agree to whatever the State requested, regardless of facts or evidence.

16. Plaintiff was informed she could only obtain a different attorney by retaining private counsel, despite full knowledge that Plaintiff was indigent and unable to afford private representation. This denial deprived Plaintiff of her Sixth and Fourteenth Amendment rights to effective assistance of counsel and due process.

17. It took approximately two years for Plaintiff to receive the referrals necessary to complete her assigned case plan. During this time, the requirements repeatedly changed without justification. Even after Plaintiff completed assigned tasks, she was later told in court that those tasks were no longer needed. Frequent turnover among case managers further obstructed Plaintiff's progress and continuity of services.

18. Several case managers appeared more concerned with material resources and favoritism toward caregivers or other parents, rather than the reunification and best interests of Plaintiff's children.

19. Unlike other similarly situated parents, Plaintiff was never offered meaningful options for reunification or alternative placement, demonstrating discriminatory and inconsistent application of DCF policy.

20. Despite Plaintiff's consistent efforts to comply with all instructions, the court and CPS failed to provide fair process, timely communication, or adequate opportunity for Plaintiff to defend her parental rights or challenge false reports.

21. Plaintiff's repeated calls and complaints to Moffit's supervisor, Dave Motta, went unanswered. No action was taken to review or investigate the misconduct.

22. The Florida Department of Children and Families failed to provide adequate training, supervision, and oversight of its employees, resulting in violations of Plaintiff's federally protected rights.

23. As a direct and proximate result of the conduct by DCF, Investigator Moffit, and the Courts, Plaintiff suffered loss of parental rights, emotional distress, financial hardship, reputational harm, and prolonged separation from her children, all under color of law.

---

CAUSES OF ACTION

1. Violation of Due Process Rights (14th Amendment) – Defendants deprived Plaintiff of the right to fair legal process, including coerced case plan agreements, denial of attorney choice, and repeated removal from hearings.

2. Violation of Equal Protection Rights (14th Amendment) – Defendants treated Plaintiff differently from similarly situated parents, imposing arbitrary and changing requirements.

3. Violation of Fourth Amendment Rights – Defendants unlawfully removed Plaintiff's children without probable cause or sufficient investigation.

4. Violation of Civil Rights Under Color of Law (42 U.S.C. § 1983) – Defendants, acting under color of state law, engaged in harassment, false reporting, and retaliation against Plaintiff.

---

RELIEF SOUGHT

Plaintiff respectfully requests the following relief:

1. Declaratory judgment that Defendants violated Plaintiff's constitutional rights.

2. Injunctive relief preventing further unconstitutional interference with Plaintiff's parental rights.

3. Compensatory damages for emotional distress, loss of parental association, and financial hardship.

4. Immediate return of Plaintiff's children and reimbursement for all child support payments and services that Plaintiff has paid for.

5. Punitive damages against individual defendants to deter future misconduct.

6. Costs, attorneys' fees (if applicable), and any other relief the Court deems just and proper.

VERIFICATION I, Alexa Rohlsen, declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

Date: November 13, 2025
Respectfully submitted,

Alexa Rohlsen, Pro Se
4658 Bridgewater Club Loop
Spring Hill, FL 34607
Phone: (727) 557-5546
Email: lexr3240@gmail.com

## V. Prayer for Relief

Plaintiff requests judgment against Defendants for compensatory and punitive damages, and any other relief deemed just and proper.

**Respectfully submitted,**

Alexa Rohlsen

Signature: _____ | Date: 11/14/2025

**Federal Complaint**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA – PINELLAS COUNTY DIVISION**

**Alexa Rohlsen, Plaintiff**

v.

**Jennifer Moffit, Dave Motta, Brittany E., Defendants**

**Case No.: _____ | Judge: _____**

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

**UNDER 42 U.S.C. §1983 AND 18 U.S.C. §242**

**I. Jurisdiction and Venue**
This action arises under **42 U.S.C. §1983** (Civil Action for Deprivation of Rights) and **18 U.S.C. §242** (Deprivation of Rights Under Color of Law). Venue is proper in the Middle District of Florida, Pinellas County Division, because the events occurred in Pinellas County.

**II. Factual Allegations**
In 2018, Defendants, acting under color of state law, retaliated against Plaintiff for exercising her right to file a complaint, resulting in:

- Unlawful removal of children

- Threats and harassment

- Interference with healthcare, education, and disability benefits

**III. Claims for Relief**

- Count I: Violation of Fourteenth Amendment Due Process

- Count II: Retaliation under First Amendment

- Count III: Abuse of Authority under Color of Law

**IV. Damages Sought**

- Immediate return of children

- Reimbursement for child support and educational expenses

- Compensation for emotional distress, physical harm, and financial losses

- Attorney's fees and costs