UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXA ROHLSEN,

    Plaintiff,

v.                                    Case No:  8:25-cv-03142-JLB-LSG

FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES, et al.,

    Defendants.
_____/

# ORDER

Plaintiff Alexa Rohlsen, appearing *pro se*, filed a Motion for Temporary Relief and Immediate Return of Custody (Doc. 3). The relief Plaintiff seeks from this Court is the immediate return of custody of her minor children. (*Id.* at 1).

Given Plaintiff's *pro se* status, the Court construes her motion liberally; however, she must still comply with procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir.2002) (explaining that, although courts give liberal construction to the pleadings of pro se litigants, the Eleventh Circuit "nevertheless ha[s] required them to conform to procedural rules."). The Court finds that Plaintiff's TRO fails to comply with Federal Rule of Civil Procedure 65 and the Local Rules for the Middle District of Florida.

Under Federal Rule of Civil Procedure 65(b), Plaintiff must show the following for the Court to issue a temporary restraining order:

    (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Additionally, the Middle District of Florida's Local Rule 6.01 states that Plaintiff must include "temporary restraining order" in the title, a precise and verified description of the conduct and persons subject to restraint, an explanation of the amount and form of the required security, and a supporting legal memorandum establishing the likelihood of success on the merits, the irreparable nature of the injury, the harm that might result without a restraining order, and the nature and extent of any public interest.. *See* M.D. Fla. R. 6.01. Plaintiff does not satisfy the requirements set forth under Federal Rule of Procedure 65 or the Local Rules. *See* Fed. R. Civ. P. 65(b); M.D. Fla. R. 6.01.

      The Court cautions Plaintiff that her claims may be better addressed by filing an appropriate motion in the appropriate state court. *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (holding that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts). And Florida law gives Florida state courts exclusive jurisdiction over family law matters. *See* Fla. Stat. §§ 26.012(2)(a), 34.01.

      Accordingly, Plaintiff's TRO is **DENIED without prejudice**. The Court strongly encourages Plaintiff to pursue her claims by filing an appropriate motion in her state court case.

3

**ORDERED** in Tampa, Florida, on November 14, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE