UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXA ROHLSEN,

       Plaintiff,

v.                                                            Case No:  8:25-cv-03142-JLB-LSG

FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES, et al.,

       Defendants.

_____/

## ORDER

The Magistrate Judge has entered a Report and Recommendation (Doc. 25),
recommending that *pro se* Plaintiff Alexa Rohlsen's Complaint (Doc. 1) be
dismissed.  Plaintiff timely objected (Doc. 44).[1]  After careful consideration, the
Court finds that the Report and Recommendation is due to be **ADOPTED in part**.

## BACKGROUND

Plaintiff filed a Complaint in this Court against Defendants Florida
Department of Children and Families ("DCF"), and Child Protection Investigations
("CPI") employees Jennifer Moffit and her supervisor Dave Motta in their official
and individual capacities for violation of due process, violation of the equal

---

[1] Plaintiff also filed a Motion for Judicial Recusal (Doc. 18).  A judge must recuse himself
where he has a personal bias, prejudice, or personal knowledge to the facts, where his
previous work as in private practice or for the government overlaps with the matter at
hand, where he has a financial interest in the matter, or where he or his spouse has a
specific relationship with the subject matter or a party.  28 U.S.C. § 455(a), (b).  Because
these do not apply here, Plaintiff's Motion for Judicial Recusal (Doc. 18) is **DENIED**.

protection clause, violation of the Fourth Amendment, and violation of civil rights under 42 U.S.C. § 1983.  (*See* Doc. 1).  Specifically, Plaintiff's alleges that throughout her investigations Ms. Moffit became upset when people she interviewed did not speak negatively about Plaintiff, that Ms. Moffit falsified reports by claiming the child's father lived with Plaintiff even though Plaintiff was aware that he sold drugs and firearms, that Ms. Moffit failed to process paperwork for in-home therapy, that Ms. Moffit harassed and intimidated Plaintiff during home visits, and that Ms. Moffit used threatening and aggressive language toward Plaintiff.  (Doc. 1 at 2–3).  Plaintiff's allegations against DCF and Mr. Motta are less clear.  However, Plaintiff does allege that frequent turnover of case managers obstructed the progress of her case plan, that the case plan was modified without explanation, that case managers appeared to favor caregivers rather than reunification, that DCF failed to effectively communicate and provide adequate training for employees, and that Mr. Motta did not answer repeated calls and complaints.  (*Id.* at 4).

Plaintiff alleges that as a result of this conduct, she "suffered loss of parental rights, emotional distress, financial hardship, reputational harm, and prolonged separation from her children . . . ."[2]  (*Id.* at 5).  Plaintiff seeks the following relief: a declaratory judgment that Defendants violated her rights; injunctive relief

---

[2] In her Complaint, Plaintiff brings claims against the "courts" and makes additional allegations against the state court.  Specifically, Plaintiff alleges that the state court judge improperly removed her from a remote court hearing and made little acknowledgment of Plaintiff's efforts.  (Doc. 1 at 3–4).  Defendant "Courts" has since been terminated from this action.

preventing further interference with her parental rights; compensatory damages for emotional distress, loss of parental association, and financial hardship; immediate return of her children and reimbursement of child support payments and services; punitive damages against Defendants; and costs and attorneys fees.  (*Id.* at 5–6).

Upon review of the Complaint, the Magistrate Judge recommended dismissing all claims without leave to amend under the *Rooker-Felman* doctrine or, alternatively, because federal courts traditionally decline jurisdiction over domestic matters.  (Doc. 5–8).  Plaintiff objected, arguing that the Complaint does not seek custody relief, and that all federal claims are independent from the state proceedings.  (Doc. 44).

## LEGAL STANDARD

A district judge may accept, reject, or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1).  The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*

## DISCUSSION

To the extent that Plaintiff seeks "return of [her] children," reimbursement for child support payments, and injunctive relieve preventing further interference with her parental rights, the claims are barred by *Rooker-Feldman*.  (*See* Doc. 1 at 6–7).  *Rooker-Feldman* is a "narrow jurisdictional doctrine."  *Behr v. Campbell*, 8 F.4th 1206, 1208 (11th Cir. 2021).

The *Rooker-Feldman* doctrine applies to cases involving "state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine "makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). Accordingly, it "applies both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Id.* (quoting *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983)). "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment, . . . or it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Id.* (quoting *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)).

Here, Plaintiff seeks to challenge the Florida state court child custody proceedings by asking this Court to enjoin further interference with her custody and order return of her children to her custody. (*See* Doc. 1 at 5–6). Such relief undoubtedly falls within the bounds of *Rooker-Feldman*. Though Plaintiff brings only federal claims, "a state court loser cannot avoid *Rooker-Feldman*'s bar by cleverly cloaking her pleadings in the cloth of a different claim. Pretext is not tolerated." *May v. Morgan Cnty. Ga.*, 878 F.3d 1001, 1005 (11th Cir. 2017).

To the extent that Plaintiff brings claims against Defendants seeking a declaratory judgment, damages, and costs for allegations such as inadequate training and falsification of records, the claims are not barred by *Rooker-Feldman*. This relief would not require the Court to undo the state court's child custody decision. *See Behr*, 8 F.4th at 1209, 1213 (holding that *Rooker-Feldman* did not deprive the district court of jurisdiction where the plaintiff did not seek review of the state custody decision and instead sought money damages for claims of fabrication of records, pressuring the children to make false statements, and entering the home without permission). Accordingly, Plaintiff's claims may proceed only to the extent that they do not seek review of the state-court custody decision.

That said, the Complaint constitutes an impermissible shotgun pleading. (*See* Doc. 1). "A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland*, 792 F.3d at 1320). Rule 8(a) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 10(b) requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

The "self-evident" purpose of the rules is "to require the pleader to present his claims discretely and succinctly" so the adversary "can discern what he is claiming and frame a responsive pleading [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*, 792 F.3d at 1320 (citation omitted).

There are four categories of shotgun pleadings. *Weiland*, 792 F.3d at 1321–23. The first and most common type "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The third type of shotgun pleading is one that does not "separat[e] into a different count each cause of action or claim for relief." *Id.* The fourth and final category of shotgun pleading is one that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Here, Plaintiff's Complaint falls into the first, second, and fourth categories of a shotgun pleading. Though the Complaint does not adopt the allegations of all preceding counts, it fails to incorporate *any*, let alone the applicable, factual allegations into each count. (Doc. 1 at 5). As a result, it is "unclear . . . what alleged facts support[] each claim[.]" *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662–64 (11th Cir. 2019) (affirming a district court's dismissal of a

complaint as a shotgun pleading where it "did not incorporate any of the preceding general allegations into each count"); *Johnston v. Anti-Defamation League*, No. 6:24-CV-1465-JSS-NWH, 2025 WL 2029744, at *6 (M.D. Fla. July 21, 2025) (dismissing a complaint without prejudice as a shotgun pleading because it "appear[ed] that no count incorporate[d] any of the paragraphs before it, including paragraphs that identify the parties, allege jurisdiction, and contain factual support for the counts").

Next, the Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321–23. For example, Plaintiff requests relief without explaining why the relief is appropriate under any cause of action. *See Amin v. Pepperman*, No. 8:23-CV-02345-KKM-JSS, 2023 WL 6975978, at *2 (M.D. Fla. Oct. 23, 2023) (dismissing a complaint as a shotgun pleading where the plaintiff failed to explain why the relief was appropriate for the causes of action); *Gaddiel David Perez v. Off. of Foreign Assets Control*, No. 24-CV-21258, 2024 WL 6967222, at *1 (S.D. Fla. Apr. 24, 2024) (dismissing a complaint for pleading vague, immaterial facts where the plaintiff failed to plead the elements of a viable cause of action).

Last, the Complaint brings four causes of action against "Defendants" generally "without specifying which of the defendants are responsible for which acts or omissions . . . ." *Weiland*, 792 F.3d at 1321–23; (*See* Doc. 1 at 5).

Because the Complaint is a shotgun pleading, the Court dismisses it without prejudice. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[A] District Court retains authority to dismiss a shotgun pleading on that basis alone.").

The Court will provide Plaintiff leave to file an amended complaint to cure the deficiencies within 21 days from the date of this Order. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) ("A *pro se* plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice where a more carefully drafted complaint might state a claim."). No new claims may be added to the amended complaint. Should Plaintiff choose to file an amended complaint *pro se*, she must either pay the filing fee or file a new motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915 (allowing a litigant to commence a civil action without prepayment of the filing fee if the litigant submits an affidavit showing they are unable to pay).

*—Rest of page intentionally left blank—*

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation (Doc. 25) is **ADOPTED in part**.

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

3. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED without prejudice**.

4. Plaintiff may file an amended complaint within 21 days from the date of this Order. If Plaintiff chooses to file an amended complaint, no new claims may be added.

5. Plaintiff's Motion for Judicial Recusal (Doc. 18) is **DENIED**.

**ORDERED** in Tampa, Florida, on January 15, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE